**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARIA S.,

                                    Plaintiff,

              - v -                                              Civ. No. 3:20-CV-482
                                                                           (DJS)

ANDREW M. SAUL, *Comm'r of Soc. Sec.*,

                                    Defendant.

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| LACHMAN & GORTON<br>Counsel for Plaintiff<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, NY  13761 | PETER A. GORTON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>Counsel for Defendant<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, MA  02203 | JESSICA RICHARDS, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## <u>DECISION AND ORDER</u>

## I.  INTRODUCTION

On January 29, 2021, Peter A. Gorton, counsel to Plaintiff in this action, submitted a Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act.  Dkt. No. 17. In the Motion, counsel seeks fees in the amount of $4,855.84, based upon spending 22.6 hours on the case at a rate of $214.86 per hour.  *Id.*  The Commissioner submitted a

response containing two substantive objections with Plaintiff's request.[1]  Dkt. No. 18. First, the Commissioner contends that the hourly rate requested is excessive.  *Id.* at p. 2. In particular, the Commissioner argues that the proper rate is $209.54.  *Id.*  In addition, Defendant contends that compensating 22.6 hours would be unreasonable.  *Id.* at pp. 4-6.

In reply, Plaintiff consents to the hourly rate described by Defendant.  Dkt. No. 19. However, Plaintiff argues that the hours spent were reasonable.  *Id.* at pp. 1-3.

Upon review of the matter, the Court grants Plaintiff's Motion.

## II.  BACKGROUND

Plaintiff filed a Complaint in this matter on April 29, 2020, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1.  Plaintiff filed a Motion for Judgment on the Pleadings, and on December 21, 2020, the parties stipulated to remand the matter pursuant to the fourth sentence of 42 U.S.C. § 405(g), which the Court so ordered and judgment was thereafter entered in Plaintiff's favor.  Dkt. Nos. 14, 15, & 16.  Plaintiff's counsel now seeks attorneys' fees in the amount of $4,855.84 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  Dkt. No. 17.

## III.  DISCUSSION

28 U.S.C. § 2412 provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action,

---

[1] The Commissioner also requested that the request be held in abeyance until after the 60-day period to appeal had run, until February 20, 2021.  Dkt. No. 18.  Plaintiff agreed with that contention, Dkt. No. 19 at p. 1, and that period has now passed.

unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  As such, "the plaintiff must demonstrate that: (1) he is the prevailing party; (2) he is eligible to receive an award; and (3) the position of the United States was not substantially justified." *Peter P. v. Saul*, 2020 WL 4924574, at *1 (N.D.N.Y. Aug. 21, 2020) (citing 28 U.S.C. § 2412(d)(1)(B)).

Plaintiff alleges that she is the prevailing party, and that the Commissioner's position was not substantially justified.  Dkt. No. 17 at pp. 1 & 6.  The Commissioner does not contest these points.  While Plaintiff originally sought a fee based on an hourly rate of $214.86, on reply Plaintiff agrees to an hourly rate of $209.54.  Dkt. No. 19 at p. 1.  The Court finds this is reasonable under the EAJA.

As for the number of hours spent on the matter, Defendant argues that the 22.6 hours requested to be compensated is unreasonable.  Dkt. No. 18 at pp. 4-6.  In particular, Defendant contends that the 2.9 hours billed on April 15, 2020 for "Review adverse Appeals Council decision, medical records and arguments.  Legal research on issues; review of plaintiff's file and conference and correspondence with plaintiff" appears excessive.  *Id.* at p. 5.  Defendant argues that because counsel had been representing Plaintiff since April of 2017 and had requested review of the denial to the Appeals Council, it was excessive to spend 2.9 hours to determine if the case should be appealed to federal court.  *Id.*  The Commissioner suggests that one hour would be a reasonable amount of time to spend on this work.  *Id.*  Defendant further asserts that 7.8 hours to review the entire administrative record was excessive, considering that counsel had

assisted in developing the administrative record. *Id.* The entire record contains 430 pages, and 196 are in the medical records section, which counsel stated it took 3.1 hours to review. *Id.* Defendant takes issue with counsel spending 4.7 hours to review the non-medical records, including numerous items that counsel was already familiar with. *Id.* at p. 6. The Commissioner suggests that if the Court reduces counsel's time from April 15, 2020, 1.5 hours is sufficient to review the non-medical records; he suggests that if the Court awards the full 2.9 hours for the April 15, 2020 tasks, then the review of nonmedical records is redundant and should not be compensated at all. *Id.* In total, the Commissioner suggests a 5.1 hour reduction. *Id.*

Plaintiff's counsel argues in response that a large portion of the time spent designated as reviewing non-medical records was actually spent reviewing the medical records, determining whether the medical records supported arguments to bring a case in federal court. Dkt. No. 19 at p. 2. Counsel further explained that the non-medical review includes comparing the medical records to the judge's decision, Plaintiff's testimony, and the initial reports. *Id.* at pp. 2-3. Counsel argues that they generally review all of the records and do not specifically track what time is spent comparing the medical records to the judge's decision and to Plaintiff's testimony. *Id.* at p. 3. Counsel explains that this accounts for spending fewer hours in solely reviewing the medical records, because they reviewed them in comparing them to the other records. *Id.* Counsel argues that the range of 20 to 40 hours is generally found reasonable to spend on such cases, and that the number of hours spent on this case is at the low end of that range. *Id.*

After reviewing the itemized time submitted by Plaintiff, the Court finds the full number of hours billed to be appropriate, and awards fees for 22.6 hours of work at a rate of $209.54, totaling $4,735.60.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff is awarded $4,735.60 in attorneys' fees under the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: April 22, 2021
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge